IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CATHY LINDSEY                                                               PLAINTIFF

vs.                                                                    No. 1:07CV120-D-D

LEE COUNTY SCHOOL DISTRICT; et al.                              DEFENDANTS

<u>OPINION GRANTING IN PART MOTION FOR SUMMARY JUDGMENT</u>

Presently before the court is the individual Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted in part. The Plaintiff's First Amendment claims against Temeka Shannon, Angie Cherry, Johnny Green, and Johnny Dye, in their respective individual capacities, shall be dismissed. The Plaintiff's state law claims against the individual Defendants, along with the Plaintiff's claims against the Lee County School District, remaining pending for trial.

*A. Factual Background*

The Plaintiff is a former special education teacher at Verona Elementary School. She claims that she was harassed by the Defendants and subjected to retaliation as a result of speaking, in meetings attended by both school officials and parents, about the Lee County School District's alleged failure to comply with the federal Individuals with Disabilities Education and Improvement Act (IDEA). She alleges that this harassment led to her constructive discharge and that she thus elected not to renew her teaching contract with the District for the 2006-2007 school year.

On May 18, 2007, the Plaintiff filed the current action against the Lee County School District and against Temeka Shannon, Angie Cherry, Johnny Green, and Johnny Dye, in their individual and official capacities, claiming that (*inter alia*) their conduct violated her rights under the First Amendment and that she was defamed and suffered an invasion of privacy. The individual

Defendants have now moved for summary judgment as to the Plaintiff's claims against them in their individual capacities, seeking an award of qualified immunity, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Public officials are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis v. Scherer, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); Sappington v. Ulrich, 868 F. Supp. 194, 198 (E.D. Tex. 1994).

In ruling on a defendant's claim of qualified immunity, a court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 230, 111 S.Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L. Ed. 2d 589 (1991); Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990).

### C. Discussion

The Plaintiff has sued Temeka Shannon, Angie Cherry, Johnny Green, and Johnny Dye individually for violating her First Amendment right of free speech. Public officials are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis, 468 U.S. at 194; Harlow v. Fitzgerald, 457 U.S. at 818; White v. Walker, 950 F.2d 972, 975 (5th Cir. 1991).

In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert, 500 U.S. at 230. Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter, 502 U.S. at 227; see Pfannstiel, 918 F.2d at 1183 (5th Cir. 1990)(If "reasonable public officials could differ

on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

First, the court must determine whether the Plaintiff has alleged the violation of a clearly established constitutional right in regard to her claims under the First Amendment. In order to advance such a claim, the Plaintiff must first establish that she was speaking as a citizen on a matter of public concern. Williams v. Dallas Ind. Sch. Dist., 480 F.3d 689, 691-92 (5th Cir. 2007). To that end, the Supreme Court has held that the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern. Garcetti v. Ceballos, 547 U.S. 410, 417, 126 S.Ct. 1951, 1957, 164 L. Ed. 2d 689 (2007); Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734-35, 20 L. Ed. 2d 811 (1968).

Pursuant to the Supreme Court's ruling in Garcetti, a public employee's speech is protected only when (1) the employee is speaking as a citizen; (2) the statement involves a matter of public concern; and (3) the government employer does not have adequate justification for treating the employee differently from any other member of the general public as a result of the statement he or she made. Garcetti, 547 U.S. at 418. Thus, in evaluating speech by public employees to determine whether it is protected under the First Amendment, courts evaluate the role the speaking employee occupied when she made the subject speech. Id.; Williams, 480 F.3d at 694. Further, and most crucially for the case *sub judice*, when a public employee makes a statement pursuant to her official duties, the employee is deemed to not be speaking as a citizen and the speech thus is not protected. Garcetti, 547 U.S. at 421-22.

In applying the authorities noted above, the court finds that the Plaintiff's First Amendment claims against the individual Defendants must fail because she was not speaking as a citizen when she made the subject statements, but rather was speaking pursuant to her official duties as a special

education teacher. Her official duties included attending meetings such as those at which she spoke, and she was present at those meetings in her official capacity as a special education teacher employed by the Lee County School District. Thus, pursuant to Garcetti and the other authorities cited previously, the court finds that the Plaintiff's subject statements were made pursuant to the Plaintiff's official duties and went to the heart of her job; accordingly, the statements are not protected and the Plaintiff's First Amendment claims against the individual Defendants in their individual capacities are dismissed. See Garcetti, 547 U.S. at 421-22 (holding that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen.").

As for the Plaintiff's remaining state law claims against the individual Defendants, those claims (contained in Counts Four and Five of the complaint) were not addressed in the Defendants' motion and thus remain pending for trial. The court retains jurisdiction of those claims pursuant to 28 U.S.C. § 1367(a). The Plaintiff's claims against the Lee County School District were not made a subject of the Defendants' motion and thus remain pending for trial as well.

## D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted in part. The Plaintiff's First Amendment claims, as contained in Count Two of the complaint, against Temeka Shannon, Angie Cherry, Johnny Green, and Johnny Dye, in their individual capacities, are dismissed because they have shown that there are no genuine issues of material fact and they are entitled to judgment as a matter of law on those claims. As noted above, the Plaintiff's remaining claims shall

proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 30 day of June 2008.

/s/ Glen H. Davidson
Senior Judge