IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CATHY LINDSEY                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:07CV120D-D

LEE COUNTY SCHOOL DISTRICT,
TEMEKA SHANNON, ANGIE CHERRY,
JOHNNY GREEN, and JOHNNY DYE                                     DEFENDANTS

OPINION GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION

Presently before this Court is Defendant's motion for limited reconsider of the Court's Order denying Defendant's motion for summary judgment on Plaintiff's claims on the First Amendment and Mississippi Public Records Act. After reviewing the motion and response the Court is of the opinion the motion should be granted in part.

*A. Factual Background*

The Plaintiff is a former special education teacher at Verona Elementary School. She claims that she was harassed by the Defendants and subjected to retaliation as a result of speaking, in meetings attended by both school officials and parents, about the Lee County School District's alleged failure to comply with the federal Individuals with Disabilities Education and Improvement Act (IDEA). She alleges that this harassment led to her constructive discharge and that she thus elected not to renew her teaching contract with the District for the 2006-2007 school year.

On May 18, 2007, the Plaintiff filed the current action against the Lee County School District and against Temeka Shannon, Angie Cherry, Johnny Green, and Johnny Dye, in their individual and official capacities, claiming that (inter alia) their conduct violated her rights under the First Amendment and that she was defamed and suffered an invasion of privacy.

On October 1, 2007, the individual Defendants filed a joint motion for summary judgment at to the Plaintiff's claims against them in their individual capacities based on qualified immunity. On June 28, 2008, this Court granted their motion for summary judgment as to the First Amendment claims but retained jurisdiction of the state law claims contained in Count Four and Five of the complaint.

On October 21, 2009, Defendant Lee County filed a motion for summary judgment on Plaintiff's retaliation, First Amendment and Public Records Act claims. On December 18, 2009, the Court denied Defendant Lee County's motion stating, "the Court has the discretion to allow the Plaintiff's claims to proceed to trial."

On January 4, 2010, Defendant Lee County filed a motion to reconsider the denial of summary judgment on the Plaintiff's First Amendment and Mississippi Public Records Act claims. In support of its motion as to the First Amendment claim, Defendant cites this Court's June 20, 2009 Opinion in which the Court found "that the Plaintiff's First Amendment claims against the individual Defendants must fail because she was not speaking as a citizen when she made the subject statements, but rather was speaking pursuant to her official duties as a special education teacher. ...accordingly, the statements are not protected."

*B. Discussion*

In order to rule on the motion for summary judgment regarding Plaintiff's First Amendment claims, the court must determine whether the Plaintiff was speaking as an employee or a citizen on a matter of public concern. *Williams v. Dallas Ind. Sch. Dist.*, 480 F.3d 689, 691-92 (5th Cir. 2007); *See also Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)(*quoting Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S.Ct. 1951, 1957, 164 L. Ed. 2d 689 (2007)). The Supreme Court has held that the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern. *Garcetti*, 547 U.S. at 417;

Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734-35, 20 L. Ed. 2d 811 (1968). A public employee's speech is protected only when (1) the employee is speaking as a citizen; (2) the statement involves a matter of public concern; and (3) the government employer does not have adequate justification for treating the employee differently from any other member of the general public as a result of the statement he or she made. *Garcetti*, 547 U.S. at 418. The employee is deemed to not be speaking as a citizen and the speech thus is not protected when a public employee makes a statement pursuant to her official duties. *Garcetti*, 547 U.S. at 421-22.

"Activities undertaken in the course of performing one's job are activities pursuant to official duties and not entitled to First Amendment protection." *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008); See, e.g., *Williams*, 480 F.3d at 694 (holding that an athletic director's memo requesting information about the use of athletic funds was not protected speech because the information was needed to perform daily operations as an athletic director); *Nixon v. City of Houston*, 511 F.3d 494, 498-99 (5th Cir. 2007) (holding that a police officer's statement to the media was made pursuant to his official duties because speaking to the media was arguably one of an officer's job responsibilities). Even if the speech at issue is not required by the employee's job, the speech may not be protected if it was made while performing the job or to fulfill the job's responsibilities. *Nixon*, at 498.

The Court has carefully reviewed the deposition testimony of Plaintiff. It appears to the Court there is no factual dispute that Plaintiff's speech was made as an employee in an attempt to fulfill her job responsibilities and not as a citizen. Accordingly, the Plaintiff's speech is not protected and her First Amendment claims against the Defendant Lee County must fail.

Further, the Court is of the opinion that there are factual disputes regarding the Plaintiff's Mississippi Public Records Act claims and summary judgment on that claim is improper.

THEREFORE, it is hereby ORDERED that the Defendants' motion for limited reconsideration (docket entry 112) is GRANTED IN PART as it relates to Plaintiff's First Amendment claim; Plaintiff's First Amendment claim shall be DISMISSED WITH PREJUDICE. Trial on Plaintiff's remaining claims shall commence on March 8, 2010, in Aberdeen, Mississippi as scheduled.

SO ORDERED, this the 9th day of February, 2010.

/s/ Glen H. Davidson
Senior Judge